# Exhibit A

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

KEVIN GREENE

*Plaintiff*

v.

THE COUNTY OF ULSTER, et al.

*Defendant*

Civil Action No. 9:17-cv-1184

**RECEIVED**
JAN 11 2018
ULSTER COUNTY ATTORNEY

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* THE COUNTY OF ULSTER
244 Fair Street
Kingston, New York 12401

*personally served on K. Clark @ 11:28 a.m. by Kim Lettus of Rondout Legal – accepted o/b/o County of Ulster only. KC*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Duwaine T. Basco, Esq.
Woods Oviatt Gilman LLP
700 Crossroads Building
2 State Street
Rochester, NY 14614

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: October 25, 2017

s/Nancy A. Steves
*Signature of Clerk or Deputy Clerk*

Clerk of Court

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEVIN GREENE,					COMPLAINT

      Plaintiff,
						Civil Action No.:
    -against-

THE COUNTY OF ULSTER, CORRECTIONS OFFICER		Trial by Jury Demanded
SHAWN ROCHE, CORRECTIONS OFFICER KYLE
MANNER, CORRECTIONS OFFICER JASON BLEU
and JOHN/JANE DOES 1-100 in their official capacity
and individually, the names being fictitious, as their entire
names are presently unknown,

      Defendants.
---------------------------------------------------------------X

  KEVIN GREENE ("Plaintiff") by his attorneys, Woods Oviatt Gilman LLP, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

  1. This is a civil action seeking monetary relief against Defendants County of Ulster ("COUNTY"), Corrections Officers Shawn Roche ("Roche"), Kyle Manner ("Manner") and Jason Bleu ("Bleu"), and JOHN/JANE DOES 1-100 ("JOHN/JANE DOES").

  2. Plaintiff brings this action against Defendants for damages resulting from the use of excessive force, failure to intervene, and denial of medical attention, in violation of 42 U.S.C 1983, as well as denial of Equal Protection of the law under Article 1, Section 11 of the Constitution of the of the State of New York.

{5494026.}                           1

## JURISDICTION

3. Plaintiff brings this action against Defendants COUNTY and correction officers ROCHE, MANNER and BLUE, and JOHN/JANE DOES to redress the denial of his rights, as secured by the Fourteenth Amendment of the United States Constitution and Article I, Section 11 of the Constitution of the State of New York.

4. This Court has jurisdiction over this case pursuant to 42 U.S.C. §1983, 28 U.S.C. §1381, §1332, and §1343(a)(3).

5. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state law claims against Defendants for New York State violations arising out of the same case or controversy pursuant to 28 U.S.C. §1367.

6. Venue is properly laid in the Northern District pursuant to 28 U.S.C §1391 because a substantial part of the events giving rise to this action occurred within the district.

## JURY DEMAND

7. Plaintiff respectfully demands a Trial by Jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff Kevin Greene is a citizen of the United States and at all relevant times a resident of the County and State of New York.

9. Defendant COUNTY was and is a public corporation, duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant COUNTY owns the Ulster County Law Enforcement Center, in COUNTY and State of New York.

11. Defendant COUNTY operates the Ulster County Law Enforcement Center, in COUNTY and State of New York.

12. Defendant COUNTY maintains the Ulster County Law Enforcement Center, in COUNTY and State of New York.

13. Defendant COUNTY supervises the Ulster County Law Enforcement Center, in COUNTY and State of New York.

14. At all times hereinafter mentioned, Defendant correction officer ROCHE was an employee of the Defendant COUNTY, working for the COUNTY, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

15. At all times hereinafter mentioned, Defendant correction officer MANNER was an employee of the Defendant COUNTY, working for the County of Ulster, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

16. At all times hereinafter mentioned, Defendant correction officer BLEU was an employee of the Defendant COUNTY, working for the County of Ulster, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

17. At all times hereinafter mentioned, Defendant correction officers JOHN/JANE DOES were employees of the Defendant COUNTY, working for the County of Ulster, and at all times herein were acting in such capacity as agents, servants and employees of the Defendant COUNTY.

18. At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law, of a statute, ordinance, regulation, custom, or usage.

19. Each and all of the acts of Defendants ROCHE, MANNER, BLEU and JOHN/JANE DOES alleged herein, were committed by Defendants ROCHE, MANNER, BLEU and JOHN/JANE DOES while acting within the scope of their employment with Defendant COUNTY.

## FACTS

20. That on or about July 9, 2015, Plaintiff was an inmate at the Ulster County Law Enforcement Center.

21. That at the above place and time Defendant, ROCHE kicked Plaintiff while he was in his jail cell.

22. That at the above place and time Defendant, ROCHE punched Plaintiff while he was in his jail cell.

23. As a direct result, Plaintiff suffered severe injuries, including a nasal fracture, post-traumatic stress disorder, concussion, soft-tissue scalp swelling, nausea, dizziness and migraines.

24. Defendant MANNER observed the incident but failed to intervene on Plaintiff's behalf.

25. Defendant BLEU observed the incident but failed to intervene on Plaintiff's behalf.

26. Defendants JOHN/JANE DOES observed the incident but failed to intervene on Plaintiff's behalf.

27. Despite Plaintiff's severe injuries, Defendant ROCHE was deliberately indifferent to the Plaintiff's medical needs.

28. Despite Plaintiff's severe injuries, Defendant KYLE was deliberately indifferent to the Plaintiff's medical needs.

29. Despite Plaintiff's severe injuries, Defendant BLEU was deliberately indifferent to the Plaintiff's medical needs.

30. Despite Plaintiff's severe injuries, Defendants JOHN/JANE DOES were deliberately indifferent to the Plaintiff's medical needs.

31. Due to the excessive force used by Defendant ROCHE, Plaintiff's civil rights were violated.

32. Due to the excessive force used by Defendants JOHN/JANE DOES, Plaintiff's civil rights were violated.

33. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant ROCHE, Plaintiff's civil rights were violated.

34. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant MANNER, Plaintiff's civil rights were violated.

35. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant BLEU, Plaintiff's civil rights were violated.

36. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendants JOHN/JANE DOES, Plaintiff's civil rights were violated.

37. Due to the failure to intervene on the part of Defendant MANNER, Plaintiff's civil rights were violated.

38. Due to the failure to intervene on the part of Defendant BLEU, Plaintiff's civil rights were violated.

39. Due to the failure to intervene on the part of Defendants JOHN/JANE DOES, Plaintiff's civil rights were violated.

40. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was subjected to embarrassment, physical and psychological pain and suffering and mental stress and physical trauma.

41. At all times pertinent to these allegations, Plaintiff was unarmed and did not pose a threat of death or bodily injury to the Defendants.

42. By reason of the above, Plaintiff sustained severe physical injuries, including: a nasal fracture, post-traumatic stress disorder, a concussion, soft tissue scalp swelling, nausea, dizziness, and migraines, as well as permanent psychological injuries, including but not limited to: anxiety, depression, embarrassment, emotional distress, mental and emotional anguish, and a resulting loss of enjoyment of life.

43. Defendant ROCHE acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

44. Defendant MANNER acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

45. Defendant BLEU acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

46. Defendants JOHN/JANE DOES acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

47. Plaintiff was a pretrial detainee, and was unarmed and confined in his cell when Defendant ROCHE kicked him.

48. Plaintiff was a pretrial detainee, and was unarmed and confined in his cell when Defendant ROCHE punched him.

49. Plaintiff was a pretrial detainee, and was unarmed and confined in his cell when Defendants JOHN/JANE DOES pepper sprayed him.

50. Defendants used excessive force against him, force which was not rationally related to a legitimate non-punitive purpose, in violation of the Fourteenth Amendment's Due Process Clause.

## AS AND FOR A FIRST CAUSE OF ACTION:
## VIOLATION OF 42 U.S.C. § 1983 AS TO DEFENDANT ROCHE and JOHN/JANE DOES 1-100 FOR USE OF EXCESSIVE FORCE
## (PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT)

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. On July 9, 2015 in the "County" and State of New York, Defendant ROCHE, without just cause or provocation, intentionally beat and used excessive force against Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to these defendants or others.

53. Defendant ROCHE beat and used excessive force against Plaintiff, when he had no lawful authority to use deadly or non-deadly force against Plaintiff.

54. In beating and employing excessive force against Plaintiff, Defendant ROCHE acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

55. On July 9, 2015 in the "County" and State of New York, Defendants JOHN/JANE DOES, without just cause or provocation, used excessive force against Plaintiff, by pepper spraying him, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to these defendants or others.

56. Defendant JOHN/JANE DOES used excessive force against Plaintiff, when they had no lawful authority to use deadly or non-deadly force against Plaintiff.

57. In employing excessive force against Plaintiff, Defendants JOHN/JANE DOES acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

58. At the time of the incident complained of herein, Ulster Officers JOHN/JANE DOES were employees of County of Ulster, and acted under color of law as police officers.

59. Defendant JOHN/JANE DOES used excessive force against Plaintiff, by pepper spraying Plaintiff in the face, when said Defendants had no lawful authority to use such force.

60. Defendants ROCHE and JOHN/JANE DOES acted in a way that was grossly disproportionate to the need for action under the circumstance. Their abuse of Plaintiff was not merely a careless misapplication of their duties, but rather was rooted in malice and a wanton disregard for Plaintiff's safety.

61. As a result of the Defendants' intentional assault, Plaintiff suffered serious physical injuries including: swelling of the scalp, a concussion, nausea, dizziness and a nasal fracture painful and permanent injuries to his mind, including but not limited to the following: emotional distress, embarrassment, humiliation, ridicule, anxiety, and psychological distress and mental anguish.

62. The intentional beatings of Plaintiff by the Defendants violated the rights of Plaintiff as guaranteed by the Fourteenth Amendment to the United States Constitution.

63. By virtue of these violations of Plaintiff's rights, as guaranteed by the United States Constitution, Defendants SHAWN ROCHE and JOHN/JANE DOES 1-100 are liable for violations of 42 U.S.C. § 1983.

### AS AND FOR A SECOND CAUSE OF ACTION:
### VIOLATION OF 42 U.S.C. § 1983 AS TO ALL DEFENDANTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS
### (PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT)

64. Plaintiff repeats and realleges each and every allegation set forth and contained in Paragraphs "1" through "63" inclusive, with the same force and effect as if fully set forth herein at length herein.

65. Defendant ROCHE denied Plaintiff the right to medical care after the attack occurred.

66. Defendant MANNER denied Plaintiff the right to medical care after the attack occurred.

67. Defendant JASON BLEU denied Plaintiff the right to medical care after the attack occurred.

68. Defendants JOHN/JANE DOES, denied Plaintiff the right to medical care after the attack occurred.

69. Plaintiff suffered serious injuries as a result of the incident, and was in need of immediate medical attention. The indifference shown by the individual Defendants, to the medical needs of Plaintiff, violated the rights of Plaintiff as guaranteed by the Fourteenth Amendment to the United States Constitution.

70. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual defendants are individually liable for violations of 42 U.S.C. § 1983.

### AS AND FOR A THIRD CAUSE OF ACTION:
### VIOLATION OF 42 U.S.C. § 1983 AS TO DEFENDANT MANNER, BLEU AND JOHN/JANE DOES DUE TO FAILURE TO INTERVENE
### (PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT)

71. Plaintiff repeats and re-alleges each and every allegation set forth and contained in Paragraphs "1" through "70" inclusive, with the same force and effect as if fully set forth herein at length herein.

72. Agents and employees of the government have a duty to intervene when an individual's civil rights are being violated by another government agent or employee.

73. The failure of Defendant Correction Officer MANNER, BLEU and Defendants JOHN/JANE DOES 1-100 to intervene on behalf of Plaintiff, during the attack by Defendant ROCHE, represents a violation of Plaintiff's civil rights.

74. Defendants MANNER, BLEU and JOHN/JANE DOES had the opportunity to intervene and potentially prevent the incident, but failed to do so.

75. As a direct result of the unconstitutional acts described above, Plaintiff experienced severe pain and suffering.

76. This conduct on the part of Defendants KYLE MANNER, JASON BLEU and JOHN/JANE DOES represent a violation of 42 U.S.C. §1983, given that the conduct was undertaken under color of state law.

### AS AND FOR A FOURTH CAUSE OF ACTION:
### ARTICLE I, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

77. Plaintiff repeats and re-alleges each and every allegation set forth and contained in Paragraphs "1" through "76" inclusive, with the same force and effect as if fully set forth herein at length herein.

78. The Acts of Defendant ROCHE, acting under color of law, in assaulting and using excessive force against Plaintiff, denied him the Equal protection of the law under Article 1, Section 11 of the Constitution of the of the State of New York.

79. The Acts of Defendants JOHN/JANE DOES acting under color of law, in pepper spraying Plaintiff, denied him the Equal protection of the law under Article 1, Section 11 of the Constitution of the of the State of New York.

80. As a result, Plaintiff is entitled to an award of damage in an amount to be determined upon the trial of this action.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants, as to all causes of action both jointly and severally, for both compensatory and punitive damages in an amount to be determined by a jury; reasonable attorney's fees; the costs and disbursements of this action; an award of punitive damages; and such other and further relief as appears just and proper.

Dated: New York, New York
October 24, 2017

WOODS OVIATT GILMAN LLP

s/ Duwaine Bascoe
Duwaine Bascoe, Esq.
Bar Role No.: 519805
*Attorneys for Plaintiff Kevin Greene*
2 State Street, 7th Floor
Rochester, New York 14614
585.987.2800
dbascoe@woodsoviatt.com

TO: COUNTY OF ULSTER
244 Fair Street
Kingston, New York 12401

{5494026:}

11

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK                    Civil Action No. 9:17-cv-1184

KEVIN GREENE,

                Plaintiff,

      -against-

THE COUNTY OF ULSTER, CORRECTIONS OFFICER
SHAWN ROCHE, CORRECTIONS OFFICER KYLE
MANNER, CORRECTIONS OFFICER JASON BLEU
and JOHN/JANE DOES 1-100 in their official capacity
and individually, the names being fictitious, as their entire
names are presently unknown,

                Defendants.

## SUMMONS AND COMPLAINT

**THE LAW OFFICES OF REGINA L. DARBY**
*Attorneys for Plaintiff*
111 John Street, Suite 800
New York, NY 10038
(212) 480-3236