5050-64/dmf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KEVIN GREENE,

                        Plaintiff,                    9:17-cv-1184 (TJM/ATB)

   -against-

THE COUNTY OF ULSTER, CORRECTIONS OFFICER
SHAWN ROCHE, CORRECTIONS OFFICER KYLE
MANNER, CORRECTIONS OFFICER JASON BLEU and
JOHN/JANE DOES 1-100 in their official capacity and
individually, the names being fictitious, as their entire names
are presently unknown,

                        Defendants.
-------------------------------------------------------------------x

## ULSTER COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL FOR FAILURE TO STATE A CLAIM

McCABE & MACK LLP
David L. Posner
*Attorneys for Defendant County of Ulster*
63 Washington Street
P.O. Box 509
Poughkeepsie, NY 12602-0509
Tel: (845) 486-6800

5050-64/dmf

## PRELIMINARY STATEMENT

This memorandum of law is in support of Ulster County's motion to dismiss the Fourth Cause of Action which alleges a violation of the New York State Constitution's guarantee of Equal Protection as it fails to state a claim.

## COMPLAINT

The complaint alleges the plaintiff, while an inmate at the Ulster County Law Enforcement Center ("jail"), was kicked and punched by defendant Roche, a Corrections Officer. (See, e.g., Cmplt. ¶¶14, 20-22; Posner aff't., Exhibit "A"). It further alleges he was tasered by a Doe defendant (¶55) and defendants Bleu and Manner observed the incident but failed to intervene (¶¶24-25), and that all defendants were deliberately indifferent to his medical needs (¶¶27-29) all of which conduct caused him injuries. (¶42). This occurred on July 9, 2015. (¶20).

Plaintiff asserts an Excessive Force claim against Roche and the Doe defendants under the Fourteenth Amendment (¶¶51-63); deliberate indifference to medical needs against all defendants under the Fourteenth Amendment (¶¶64-70); failure to intervene against Manner, Bleu and the Doe defendants under the Fourteenth Amendment (¶¶71-76) and violation of Article 1, Section 11 of the State Constitution against Roche and the Doe defendants (¶¶77-80). Since this is a state law claim, although not specifically pled, the County presumes the complaint also seeking to hold it vicariously liable through its status as the individual defendants' employer pursuant to state common law. (¶¶14-17, 19). There are no allegations elsewhere in the complaint suggesting plaintiff is seeking to hold the County liable to plaintiff for any federal claim under Monell v. Department of Social Services of New York City, 368 U.S. 658 (1979).

Plaintiff cannot maintain a direct claim for damages under the state constitution and

5050-64/dmf

thus, the Fourth Cause of Action, should be dismissed for failure to state a claim. As this is the only claim against the County, it should be terminated as a defendant. It is also barred by the statute of limitations.

## POINT I

## PLAINTIFF CANNOT MAINTAIN A DIRECT CLAIM UNDER THE NEW YORK STATE CONSTITUTION

While a direct claim under the New York State Constitution for money damages is, under very limited circumstances, permitted, see, i.e., Brown v. State, 89 N.Y.2d 172 (1996), it is clear that this narrow right does not exist when the claimant has "alternative avenues" to seek redress. Martinez v. City of Schenectady, 97 N.Y.2d 78, 83 (2001). An action under 42 U.S.C. §1983 qualify as an alternative remedy and thus a claim which can be raised under the civil rights statute cannot also be made directly under the state constitution. Oppenheimer v. State of New York, 152 A.D.3d 1006, 1009 (3d Dept., 2017). Federal District Courts in the Second Circuit regularly dismiss direct claims under the state constitution which are filed as supplementary claims to actions alleging violations of federal constitutional rights under §1983. See, e.g., Dava v. City of New York, 15 CV 8575 (CAC) 2016 U.S. Dist. LEXIS 115639 *30-31 (SDNY, August 29, 2016); Malone v. City of New York, 13 CV 8014 (PAE) 14 U.S. Dist. LEXIS 50754 *21-22 (SDNY, April 10, 2014).

Article 1, Section 11 of the New York State Constitution is its equal protection clause. Plaintiff's first three causes of action provide him with an adequate platform from which to seek relief for what he alleges occurred.

Also, there are no allegations in the complaint that implicate equal protection were the claim's substance to be considered, Mr. Greene is not identified as a member of a protected class, no defendant is alleged to have been motivated by animus towards him based upon such

5050-64/dmf

membership nor is it alleged he was treated differently than similarly situated inmates because of his status. Thus, without regard to the substantive hurdle to proceeding directly under the state constitution for money damages when alternate remedies exist, the complaint fails on its own to allege an equal protection violation.

As a result, plaintiff cannot also sue the County - or the other defendants - alleging a violation of Article 1 Section 11 of the state constitution and the Fourth Cause of Action should be dismissed and the County terminated as a defendant.

This action was filed on October 25, 2017 well over two years from the July 9, 2015 incident. Suits against public bodies and officials alleging tortious conduct must be filed within one year and 90 days. General Municipal Law §50-i. The provisions of the General Municipal Law apply to claims under the New York State Constitution, <u>Bidnick v. Johnson</u>, 257 A.D.2d 779 (2d Dept., 1988); <u>Wallikas v. Harder</u>, 67 F.Supp.2d 82, 85-86 (NDNY, 1999); <u>Pierce v. Village of Horseheads</u>, 107 A.D.3d 1354, 1355 (2d Dept., 2013), and thus the state constitutional claim is time barred.

The Fourth Cause of Action should be dismissed for this reason as well.

## CONCLUSION

As a result of the foregoing, the Fourth Cause of Action must be dismissed and Ulster County terminated as a defendant.

Dated: Poughkeepsie, New York
      February 2, 2018

_____
David L. Posner